### 25855. MOYE v. THE STATE.

BROYLES, C. J. The defendant was convicted of burglary. The evidence tending to connect him with the offense was wholly circumstantial, and, while raising a suspicion against him, was insufficient to exclude every reasonable hypothesis save that of his guilt. The court erred in refusing to grant a new trial.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED SEPTEMBER 25, 1936.

*W. J. Wallace,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

### 25895. WOODALL v. THE STATE.

BROYLES, C. J. 1. Before contradictory statements can be proved against a witness for the purpose of impeaching him (unless they are written statements made under oath in connection with some judicial proceeding), "the time, place, person, and circumstances attending the former statement shall be called to his mind with as much certainty as possible." Code, § 38-1803. Under that rule of law and the facts of the instant case, the court erred in admitting, over the timely objection of counsel for the defendant, the testimony set out and complained of in the defendant's motion for new trial.

2. The remaining special ground of the motion is without merit; and the general grounds are not passed on.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED SEPTEMBER 25, 1936.

*J. B. McCurdy, James R. Venable,* for plaintiff in error.

*D. P. Philips, solicitor,* contra.